**Angus A. HOWETH et ux., Appellants,**

v.

**Charles H. MASSEY, Appellee.**

No. 4227.

Court of Civil Appeals of Texas.

Eastland.

April 12, 1968.

Rehearing Denied May 3, 1968.

———◆———

Ernest May, Arthur Lee Moore, Ft. Worth, for appellants.

Harris & Ball, Arlington, for appellee.

GRISSOM, Chief Justice.

Angus A. Howeth and wife sued Charles H. Massey for damages caused by an automobile collision. They alleged that about 8:00 P.M., on September 4, 1964, they were driving east on East Belknap Street in Haltom City when they stopped in obedience to a red traffic light, whereupon Charles H. Massey, who was also traveling east on East Belknap Street, drove into the rear of their automobile and injured them; that Massey was guilty of negligence in failing to keep a proper lookout and in failing to apply his brakes in time to avoid the collision and that each of said acts of negligence was a proximate cause of the collision. Massey answered that Howeth was guilty of negligence which proximately caused the collision in stopping his automobile "suddenly and without warning" some distance west of an "intersection" and at a place where an automobile driver would not ordinarily be expected to stop and that this was a proximate cause of the collision.

A jury found that (1) Massey failed to keep a proper lookout for vehicles ahead of him and that (2) this was a proximate cause of the collision. It found that (5) Mr. Howeth was not injured but that (10) Mrs. Howeth was injured. In answer to issue 11, which inquired what amount of money would compensate Mrs. Howeth for her injuries, the jury said "none". It found that (12) a reasonable charge for doctor, drug and other such services rendered Mrs. Howeth as a direct and proximate result of her injuries in this collision was $1,000.00. Relative to the alleged contributory negligence of the plaintiff, the jury found that Howeth stopped further back from an "intersection" than a person of ordinary prudence would have and that (16) this was a proximate cause of the collision. Based upon the verdict, the court rendered judgment for the defendant. The Howeths have appealed.

Appellants say the evidence is insufficient to support said findings of contributory negligence and proximate cause and

that it was conclusively established that Mrs. Howeth was damaged by the collision. We sustain said points. It is difficult to understand the facts surrounding this collision. They may be more readily understood by an examination of plaintiff's exhibit 1, which, with additions of our own, is as follows.

Haltom Road intersects the south side of Belknap about 22 feet east of a traffic light marked 6 on said map. Since issues 15 and 16 inquire about Howeth stopping too far back from the "intersection" of Belknap and Haltom it should be remembered that Howeth did not stop for that intersection. He stopped west thereof in obedience to a red light on said traffic light 6, which was west of the intersection and controlled traffic going east on Belknap. If, under the circumstances, Howeth could be guilty of contributory negligence which was a proximate cause of the collision by stopping where he did in obedience to that red traffic light it would be because he stopped too far west of light 6, instead of too far west of said intersection. The jury convicted Howeth of negligence which was a proximate cause of the collision because Howeth stopped about 20 feet west of traffic light 6 when it turned red. These facts appear to be undisputed. The parties never reached said intersection. Plaintiffs and defendant had stopped two hundred to three hundred feet west of the point of collision because traffic light 6 had turned red. Mr. Massey saw that light. When they were permitted by traffic and traffic lights to again proceed east, Mr. Massey watched a fight on the north side of Belknap for 2 to 3 minutes and when he turned around and again directed his attention to the Howeth car immediately ahead of him it had already stopped in obedience to a red light on 6. Howeth stopped about 20 feet west of light 6 and when Massey again noticed Howeth he was already stopped "30 or 40 feet" ahead of Massey. For a driver to be able to see light 6 change it was necessary for him to stop about 20 feet west of that light. The only act of Howeth that could possibly constitute negligence and be a proximate cause of the collision was stopping further west of light 6 than he had to in order to see

it change. It was shown that when Massey saw Howeth's car already stopped at light 6 that he put on his brakes and left skid marks for 32 feet before he hit the rear end of Howeth's car. Mr. Massey said that when he turned his eyes from the fight to Howeth's car it was stopped 30 to 40 feet away, that he applied his brakes and he would have been able to stop before he struck Howeth's automobile but for the fact that the street was slick. The evidence was insufficient to support the answers to issues 15 and 16, to-wit, that Howeth was guilty of negligence which was a proximate cause of the collision in stopping his vehicle a greater distance back from the "intersection" than a person of ordinary prudence would have under the circumstances. Massey did not know where the traffic lights were at the intersection. Mr. Massey testified that he watched the fight on the north side of Belknap two or three minutes and when he turned around the Howeth car had gone "way off" and "had stopped up there." There was no evidence that Howeth stopped suddenly or without warning as Massey alleged in charging contributory negligence. Both Mr. Massey and Officer Tork testified that light 6 controlled traffic going east on Belknap and Tork testified that a driver in an automobile where Howeth was stopped was compelled to stop about 20 feet west of light 6 in order to see it change. That portion of the judgment denying a recovery for Mrs. Howeth's injury must be reversed.

All of appellants' points that have not been discussed have been considered. We think reversible error in that connection is not shown. They are overruled. That part of the judgment denying a recovery for Mrs. Howeth's injury is reversed and the case is remanded. In all other respects the judgment is affirmed.